UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
In re

JOE'S FRIENDLY SERVICE & SON INC.                      Chapter 7
d/b/a THATCHED COTTAGE AT THE BAY,           Case No.: 14-70001 (REG)

                              Debtor.
------------------------------------------------------------------------X
In re
                                                                        Chapter 7
THATCHED COTTAGE L.P.,                                 Case No. 14-70002 (REG)

                              Debtor.
------------------------------------------------------------------------X
BETHPAGE FEDERAL CREDIT UNION and        Adv. Pro. No. 16-08035-reg
BUSINESS SERVICES GROUP, LLC,

                              Plaintiffs,

            -against-

TOWN OF HUNTINGTON,
JOSEPH F. CLINE, INDIVIDUALLY,
RICHARD VACCHIO, INDIVIDUALLY,
AND TERENCE "TERRY" MCNALLY, INDIVIDUALLY,

                              Defendants.
------------------------------------------------------------------------X

**PLAINTIFFS' MEMORANDUM OF LAW (I) IN SUPPORT OF PLAINTIFFS'
CROSS-MOTION TO COMPEL THE DEPOSITIONS OF STEVEN A. HABER
AND YAMA RAJ TO PROCEED, COMPEL DEFENDANTS TO CURE OTHER
DISCOVERY DEFICIENCIES AND RESPOND TO OUTSTANDING DISCOVERY
DEMANDS, AND EXTEND THE DISCOVERY DEADLINE,
AND (II) IN OPPOSITION TO DEFENDANTS' MOTION TO
QUASH SUBPOENAS AND FOR A PROTECTIVE ORDER**

                    **CERTILMAN BALIN ADLER & HYMAN, LLP**
                    Attorneys for Plaintiffs
                    90 Merrick Avenue, 9th Floor
                    East Meadow, NY  11554
                    (516) 296-7000

OF COUNSEL:
Richard J. McCord, Esq.
John M. Wagner, Esq.
Carol A. Glick, Esq.

6389426.2

# <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ............................................................................................. 1

STATEMENT OF THE FACTS ........................................................................................... 2

ARGUMENT ...................................................................................................................... 9

POINT I .............................................................................................................................. 9

    THE CROSS-MOTION TO COMPEL IS TIMELY
    UNDER THE FACTS AND CIRCUMSTANCES PRESENTED ........................................ 9

      A. Plaintiffs Have Served Their Cross-Motion to Compel within Four Weeks of the
      Discovery Deadline And Prior to the Deadline to File Dispositive Motions ...................... 10

      B. Plaintiffs Did Not Know that the Previously-Scheduled Depositions of Raj and Haber
      Would Not Be Conducted Prior to the Discovery Deadline Until the Deadline Was Upon
      Them. ................................................................................................................................ 11

      C. The Discovery Dealine Has Previously Been Extended, First, Due to Defendants'
      intervening Motion to Dismiss and, Second, Upon Stipulation of the Parties ................. 12

      D. Defendants' Conduct Caused the Expiration of the Discovery Deadline Before All
      Scheduled Depositions Could be Conducted. ................................................................. 13

      E. No Dispositive Motions Have Been Filed in This Adversary Proceeding. ..................... 13

      F. The Adversary Proceeding Has Been Peding in This Corut Since March 11, 2016 ... 14

      G. Defendants' Will Suffer No Prejudice or Surprise by Granting of the Cross-Motion 14

      H. The Court's Schedule Will Not be Disrupted by Granting of the Cross-Motion ......... 15

POINT II .............................................................................................................................. 15

    THE COURT SHOULD ENTER AN ORDER COMPELLING THE RAJ AND HABER
    DEPOSITIONS TO PROCEED AND COMPELLING DEFENDANTS TO RESPOND TO
    PLAINTIFFS' SECOND DOCUMENT REQUEST AND INTERROGATORIES .............................. 15

      A. Steven A. Haber Is Likely to Have Informaiton Relevant to Plaintiffs' Case ................. 17

      B. Yama Raj Is Likely to Have Information Relevant to Plaintiffs' Case ........................... 19

      C. Defendants Should Be Compelled to Respond to Plaintiffs' Interrogatories and
      Second Document Request and Based on Elusive or Incomplete Disclosure. ................. 21

POINT III ............................................................................................................................. 22

    THE COURT SHOULD COMPEL DEFENDANTS TO RESPOND TO PREVIOUSLY IDENTIFIED
    DISCOVERY DEFICIENCIES. ........................................................................................... 22

      A. The Court Should Award Plaintiffs the Reasonable Attorneys' Fees Incurred in
      Connection With This Motion ........................................................................................... 24

CONCLUSION ................................................................................................................... 26

6389426.2

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Days Inn Worldwide, Inc. v. Sonia Investments,*
    237 F.R.D. 395 (N.D. Tex. 2006) ........................................................................10

*Enron Broadband Services, L.P., v. Travelers Casualty and Surety Company of America (In re Enron Corp.),*
    349 B.R. 115 (Bankr. S.D.N.Y. 2006) ..............................................................9, 11

*Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC,*
    314 F.R.D. 85 (S.D.N.Y. 2016) ...........................................................................16

*Gault v. Nabisco Biscuit Co.,*
    184 F.R.D. 620 (D. Nev. 1999) ........................................................................9, 11

*Grand Cent. P'ship. Inc. v. Cuomo,*
    166 F.3d 473 (2d Cir. 1999) .................................................................................15

*Gucci Am., Inc. v. Guess
    ?, Inc.,* 790 F.Supp.2d 136, 139–40 (S.D.N.Y. 2011) .........................................15

*Hinterberger v. Catholic Health Sys., Inc.,*
    284 F.R.D. 94 (W.D.N.Y. 2012) ..........................................................................25

*Mason Tenders Dist. Council of Greater N.Y. v. Phase Constr. Servs., Inc.,*
    318 F.R.D. 28 (S.D.N.Y. 2016) ......................................................................15, 16

*Parker v. Columbia Pictures Indus.,*
    204 F.3d 326 (2d Cir. 2000)..................................................................................16

*Port Auth. Police Benevolent Ass'n, Inc. v. Port Auth. of N.Y. & New Jersey,*
    2016 WL 6083956 (S.D.N.Y. Oct. 17, 2016) ......................................................16

*R.F.M.A.S., Inc. v. So,*
    271 F.R.D. 13, 22 (S.D.N.Y.), opinion adopted, 271 F.R.D. 55 (S.D.N.Y. 2010) ....................................................................................................................24

*Star Direct Telecom, Inc. v. Glob. Crossing Bandwidth, Inc.,*
    272 F.R.D. 350 (W.D.N.Y. 2011)...................................................................14, 17

**Federal Statutes**

*28 U.S.C. § 157* .................................................................................................................3

**Rules**

Bankruptcy Rule 7034 ........................................................................................................23

Bankruptcy Rule 7037 ................................................................................................8, 22, 24

F.R.C.P. 26 .............................................................................................................7, 11, 23

Fed. R. Civ. P. 16(b)(3) .......................................................................................................9

Fed. R. Civ. P. 30 ..............................................................................................................19

Fed. R. Civ. P. 37(a)(3) .......................................................................................................9

Fed. R. Civ. P. 37(a)(4) .......................................................................................................9

Fed. R. Civ. P. 37(a) (5)(A) ...............................................................................................25

Federal Rules of Bankruptcy Procedure Rule 7037 ...........................................................1

FRCP 16(b) .........................................................................................................................9

FRCP 34 .............................................................................................................................22

FRCP 34(b)(2)(E)(i) ..........................................................................................................22

FRCP 37 .................................................................................................................9, 24, 25

FRCP Rule 37(a) ..........................................................................................................*passim*

FRCP 37(a)(3)(B) ..............................................................................................................22

Local Bankruptcy Rule 7001-1 (i) ..................................................................................1, 8

*Local Bankruptcy Rule 7007-1* ...........................................................................................7

Rule 26(f) ...........................................................................................................................13

**Regulations**

8 NYCRR Schedule MU-1, § 185.11 (App H) ................................................................22

6389426.2

Plaintiffs, Bethpage Federal Credit Union ("BFCU") and Business Services Group, LLC ("BSG," and collectively with BFCU, "Plaintiffs"), by their counsel, Certilman Balin Adler & Hyman, LLP, respectfully submit this Memorandum of Law (A) in support of Plaintiffs' cross-motion for an Order, pursuant to Rule 37(a) of the Federal Rules of Civil Procedure ("FRCP"), as made applicable herein by Rule 7037 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and E.D.N.Y. Local Bankruptcy Rule 7001-1, (i) to compel the depositions of Steven A. Haber and Yama Raj to proceed; (ii) to compel Defendants' to cure discovery deficiencies previously identified by Plaintiffs; (iii) to compel Defendants to comply with Plaintiffs' Second Request for Production of Documents and Interrogatories; (iv) to extend the discovery deadline to August 31, 2017; (v) to award Plaintiffs the costs of the cross-motion; and (vi) granting such other, further, and related relief as the Court deems just,  proper, and equitable (the "Cross-Motion"); and (B) in opposition to the Defendants' Motion to Quash Untimely Subpoenas and for a Protective Order Precluding Further Untimely Discovery of the Town of Huntington and its employees, Joseph F. Cline, Richard Vacchio and Terence McNally (collectively, "Defendants") ("Motion to Quash").

## PRELIMINARY STATEMENT

It is respectfully submitted that this Court should deny the Motion to Quash, as it represents an effort by Defendants to derail the discovery process in this adversary proceeding and, in contravention of the FRCP, to curtail Plaintiffs from unearthing relevant facts—which Defendants have sought to bury by delaying and shuffling the scheduling of depositions of Town of Huntington ("TOH" or "Town") witnesses,  coordinating the testimony given by each of the Town witnesses, encouraging Town witnesses to demur when asked to recall their conduct in connection with the placarding of the "Thatched Cottage" catering facility in November 2014,

1

6389426.2

producing incomplete documents or documents without attachments, redacting unprivileged documents, omitting from their privilege log a description of the redactions, improperly contacting and intimidating Plaintiffs' expert witness in advance of his deposition, and engaging in other impermissible and stonewalling tactics, as more fully described in the Declaration of Richard J. McCord, Esq. ("McCord Declaration") filed herewith.

In view of Defendants' course of conduct herein and the temerity they exhibited by filing the Motion to Quash—in the middle of the night, on questionable notice—for Plaintiffs' purported infraction of the Amended Pretrial Order,[1] and by seeking, by the Motion to Quash, to prevent the depositions of two witnesses—who were already on the parties' witness list, and were not deposed, prior to the June 14, 2017 discovery completion date, solely because of the accommodations Plaintiffs courteously afforded Defendants—Plaintiffs are constrained to bring to the Court's attention Defendants' many violations of the FRCP, Bankruptcy Rules and New York Rules of Professional Conduct, by filing the instant Cross-Motion.   For the reasons set forth below, it is respectfully requested that the Court deny the Motion to Quash and grant the relief requested in the Cross-Motion.

## <u>STATEMENT OF THE FACTS</u>

The claims asserted by Plaintiffs in this adversary proceeding emanate from the Bankruptcy Court's Order Authorizing the Auction Sale of Debtors' Real Properties, dated August 11, 2014, which related to what was commonly known as the "Thatched Cottage" catering hall, and was docketed in the main bankruptcy case ("Sale Order"), the Terms and Conditions of Sale (a/k/a Bidding Procedures) approved by the Sale Order, and the Order Confirming Sale dated October 16, 2016, also docketed in the main bankruptcy case

---

[1] This defined term, and all defined terms contained herein, have the meaning ascribed to them in the McCord Declaration.

2

("Confirmation Order"), are intricately related to the claims asserted in the Trustee's Proceeding against these Defendants, although, as this Court has found and determined, Plaintiffs have their own particularized claims for damages against Defendants, and thus have standing to assert the claims set forth in the Amended Complaint. *See* Transcript of December 5, 2016 Hearing, at 13-19, annexed to DiConza Declaration as Exh. 2.

After Defendants were unsuccessful in their motions to dismiss the instant adversary proceeding and the Trustee's Proceeding, Defendants retained DiConza Traurig Kadish LLP (the "DiConza Firm") as substitute counsel, and, ten days later, the DiConza Firm filed a motion to withdraw the reference from the Bankruptcy Court. The motion to withdraw the reference filed by the DiConza Firm neglects to mention the salient facts surrounding the <u>Defendants'</u> removal of the Original Complaint from the State Court to the Bankruptcy Court.[2] Making a 180-degree about-face, Defendants now contend that the reference should be withdrawn because, *inter alia*, the Bankruptcy Court allegedly lacks subject matter jurisdiction. The motion to withdraw the reference is fully briefed and currently pending before District Judge Arthur D. Spatt.

On April 4, 2017, this Court entered the Amended Pretrial Order in this adversary proceeding, which provides, *inter alia*, that discovery shall be completed on or before June 14, 2017, and that dispositive motions shall be filed on or before July 31, 2017. *See* Declaration of Gerard DiConza in Support of Motion to Quash ("DiConza Decl."), Exh. 3.

As set forth in the Amended Pretrial Order, on March 13, 2017, the parties participated in a Rule 26(f) Conference, in a good faith effort, *inter alia*, to resolve certain discovery issues and

---

[2] Defendants' motion to withdraw the reference ignores the following salient facts: (i) ***Defendants selected the Bankruptcy Court as the proper forum for this proceeding***, as they removed the Original Complaint filed by Plaintiffs in State Court into the Bankruptcy Court; and (ii) expressly asserted in the Notice of Removal that "***the Bankruptcy Court has jurisdiction over each cause of action asserted in the State Court Action***"; "***the State Court Action is a core proceeding under 28 U.S.C. § 157***; and " ***[t]o the extent any cause of action stated in the State Court Action is subsequently determined to be non-core under 28 U.S.C. § 157, the*** <u>***Defendants consent to the entry of final orders or judgments by the United States Bankruptcy Court.***</u>" See Exh. A - Notice of Removal, ¶ 3 at 3 (emphases supplied).

3

agree on the scheduling of depositions. *See* Amended Pretrial Order, at 2. Plaintiffs attempted in good faith to schedule depositions in this adversary proceeding, as demonstrated by emails dated April 25, May 3, May 4, May 5, May 9, May 23, May 26, May 30, June 2, June 5, June 6, June 8, and June 23, 2017. *See* McCord Decl., ¶ 14, and Exh. G thereto. Although Defendants initially agreed to start scheduling depositions as of <u>April 10, 2017</u>, only one deposition actually occurred during the month of April—i.e., the deposition of non-party Derek Werynski, which occurred on April 25, 2017—as Defendants' attorneys advised that (a) they were preoccupied with completing the depositions in the Trustee's Proceeding, which were required to be completed by April 28, 2017, and (b) needed the beginning of May, 2017, to prepare for a complete oral argument on May 17, 2017, in another unrelated case, and therefore allegedly could not accommodate Plaintiffs' initial proposed deposition schedule in this adversary proceeding. *See* McCord Decl., ¶ 14, and Exh. H. After the Werynski deposition, to accommodate Defendants' aforesaid concerns and scheduling issues, no further depositions were conducted before May 24, 2017. *See* McCord Decl., ¶ 15.

By email dated May 4, 2017, Plaintiffs' counsel proposed the following schedule (and locations) for depositions, based on dates on which the parties agreed they were available for deposition:

> May 24, 2017 at 2:00 P.M. – Ralph Colamussi (at Certilman Balin, East Meadow)
> May 25, 2017 at 2:00 P.M. – Richard Galli (at Certilman Balin, East Meadow)
> May 31, 2017 at 10:00 A.M. – Joseph Cline (at Town of Huntingon)
> May 31, 2017 at 2:00 P.M. – Janet Rinker (at Town of Huntington)
> June 1, 2017 at 10:00 A.M. – Richard Vacchio (at Town of Huntington)
> June 1, 2017 at 2:00 P.M. – Stacy Colamussi (at Town of Huntington)
> June 5, 2017 at 10:00 A.M. – Yama Raj (at the DiConza Firm)
> June 5, 2017 at 2:00 P.M. – Ralph Pacifico, P.E. (at the DiConza Firm)
> June 6, 2017 at 10:00 A.M. – Terence (Terry) McNally (at Town of Huntington)
> June 6, 2017 at 2:00 PM. – Thomas Glascock (at Town of Huntington)
> June 7, 2017 at 10:00 A.M. – Betty Walsh (at Town of Huntington)
> June 7, 2017 at 2:00 P.M. – Patricia DelCol (at Town of Huntington)

6389426.2

June 8, 2017 at 10:00 A.M. – Gino Scotto (at Certilman Balin, East Meadow)
June 8, 2017 at 2:00 P.M. – Manuel Varveris (at Certilman Balin, East Meadow)
June 9, 2017 at 10:00 A.M. – Steven Haber (at Town of Huntington)

*See* McCord Decl., ¶ 16.

As an accommodation to the schedule of Defendants—including the professed need of the DiConza Firm to complete discovery in the Trustee's Proceeding by April 28, 2017, to prepare for argument of a complex motion in another unrelated case in May, to prepare Town witnesses prior to their depositions, and to coordinate, in some cases, with the schedules of individual counsel retained by certain Town witnesses—Plaintiffs agreed to rearrange the deposition schedule. *See* McCord Decl., ¶¶ 17-19, 23-25, and Exh. H.

Yama Raj, a non-party witness, was originally subpoenaed and scheduled *by the Defendants* for deposition (the "First Raj Subpoena"), at the offices of the DiConza Firm, on Monday, June 5, 2017, at 10:00 A.M., but Defendants advised Plaintiffs, by an email received on June 2, 2017, at 5:17 P.M., that Defendants intended to "postpone" Mr. Raj's deposition, allegedly because "[h]e doesn't have any documents ready." *See* McCord Decl., ¶¶ 20-21, and Exh. H and I. Since Mr. Raj's deposition was never thereafter rescheduled by Defendants, Plaintiffs, in order to preserve their right to examine Mr. Raj, were compelled to issue their own subpoena (the "Second Raj Subpoena") before the June 14, 2017 discovery completion deadline, and provided reasonable notice of his June 28, 2017 deposition to the DeConza Firm. *See* McCord Decl., ¶ 25 , and Exh. H; DiConza Decl., Exh. 4.

As noted above, Plaintiffs originally proposed Mr. Haber's examination to occur on Friday, June 9th, at 10:00 A.M., at the Town's offices, and Plaintiffs' counsel reminded the DiConza Firm of this by email dated May 26, 2017. *See* McCord Decl., ¶¶ 16-17, 19, and Exh. H; However, several Town witnesses (Terence McNally, Thomas Glascock, Betty Walsh, and

6389426.2

Patricia DelCol) were not produced on the dates proposed for their depositions during the week of June 5th, and, *at the request of Defendants, were rescheduled for other, later dates*, all of which requested changes were accommodated by Plaintiffs.  *See* McCord Decl., ¶ 25, and Exh. H.  Defendants' counsel informed Plaintiffs' counsel that Mr. Haber, who no longer works for the Town, might be difficult to locate; and Mr. Haber was, in fact, not produced for examination on June 9th or at any other time, notwithstanding the fact that he was on the witness list.  *See* McCord Decl., ¶ 17, and Exh. H.   Again, in order to preserve Plaintiffs' right to examine Mr. Haber, Plaintiffs issued a subpoena to him in advance of the June 14, 2017 discovery deadline (the "Haber Subpoena"), and provided reasonable notice of his June 29, 2017 deposition to the DiConza Firm.  *See* McCord Decl., ¶ 25, and Exh. H; DiConza Decl., Exh. 5.

On June 23, 2017, at 11:38 A.M., Plaintiffs' counsel, John M. Wagner, Esq., received an email from Defendants' counsel, Richard Milin, Esq., inquiring whether Plaintiffs intended to proceed with the depositions of Yama Raj and Steven A. Haber, scheduled for June 28, 2017 and June 29, 2017, respectively.  *See* Certification of John M. Wagner, Esq. ("Wagner Certif."), ¶ 4; McCord Decl., Exh. G.  By email dated June 23, 2017, at 12:07 P.M., Mr. Wagner advised Mr. Milin that the depositions would be going forward, in accordance with the dates and times set forth in the Second Raj Subpoena and the Haber Subpoena.  *See* Wagner Certif., ¶ 4;  McCord Decl., Exh. G.  By email dated June 23, 2017, at 12:41 P.M., Mr. Milin advised Plaintiffs that he objected to the depositions because they would be conducted after the discovery deadline, and they allegedly "are also unnecessary and disproportionate."  However, by a subsequent email at 1:12 P.M. on June 23, 2017, Mr. Milin stated, "By the way, if the Court allows you to depose Raj, we're likely to need several hours with him.  Starting at 2:00 p.m. isn't going to work."  *See* Wagner Certif., ¶ 4; McCord Decl., Exh. G.

By letter dated June 23, 2017 ("Plaintiffs' June 23rd Letter"), Mr. Wagner explained Plaintiffs' reasons for issuing the Second Raj Subpoena and the Haber Subpoena and the necessity of scheduling the depositions to occur shortly after the discovery deadline. *See* Wagner Certif., ¶ 5; McCord Decl., Exh. H. Defendants, however, did not respond to Plaintiffs' June 23rd Letter, or communicate with Plaintiffs in any other way after such letter (such as to discuss mutually-convenient dates and times for the Raj and Haber depositions), but, instead, proceeded to file, on Monday, June 26, 2017, at 1:25 A.M., *without prior notice to Plaintiffs*, the Motion to Quash, and requested an emergency hearing prior to the return date of the scheduled deposition of Yama Raj on June 28, 2017. *See* Wagner Certif., ¶ 6; McCord Decl., Exh. H. **Consequently, the Defendants did not comply with the requirements of E.D.N.Y. Local Bankruptcy Rule 7007-1.** *See* Wagner Certif., ¶ 6; McCord Decl., Exh. H.

As set forth more fully in the McCord Declaration, Defendants did not respond to Plaintiffs with respect to several of the deficiencies in Defendants' discovery responses, as enumerated in letters to Defendants' counsel dated March 30, 2017, April 6, 2017, May 8, 2017, and June 13, 2017. *See* McCord Decl., ¶¶ 22, 26-27, fn. 4, and Exh. L. Pursuant to FRCP 37(a), Plaintiffs attempted to confer with Defendants to resolve the outstanding discovery issues, but no resolution has been reached as of this date. *See, e.g., Plaintiffs' Letter to Defendants dated May 8, 2017*, annexed to the McCord Decl. as Exh. L. That letter states, in pertinent part, as follows: "In order to attempt, in good faith, to resolve the foregoing outstanding discovery issues, and in accordance with F.R.C.P. 26, as made applicable to this proceeding by F.R.B.P. 7026, we propose a conference call to discuss the foregoing on May 12, 2017, at 10:00 A.M., at the following call in number: (516) 296-7833, access code: 0119388." *See Exh. L –* Plaintiffs' letter dated May 8, 2017, at 3. However, Defendants did not confer with Plaintiffs, as suggested in

such letter, at any point and, instead, put forth pretextual discovery issues to attempt to detract from their deficiencies. As indicated in Plaintiffs' letters, it is evident that any further conference would be futile. *See* Wagner Certif., ¶ 8. Consequently, Plaintiffs were constrained to file the instant Cross-Motion, seeking, among other things, to compel that the depositions of Messrs. Raj and Haber proceed on a mutually-agreed-upon date and to compel responses to Plaintiffs' outstanding discovery demands and other discovery cures, as enunciated in the McCord Declaration and Plaintiffs' letters dated March 30, 2017, April 6, 2017, May 8, 2017, and June 13, 2017. *See* Wagner Certif., ¶ 8; McCord Decl., ¶¶ 26-27, and Exh. L.

The Court is respectfully referred to the McCord Declaration, with all exhibits thereto, and the Wagner Certification, and Exhibit 1 thereto, for a more detailed description of the procedural and factual background of this adversary proceeding, which are, in their entirety, incorporated by reference herein.

Based on the legal analysis set forth below, the Court should deny Defendants' Motion to Quash Untimely Subpoenas and for a Protective Order Precluding Further Untimely Discovery, in its entirety, and grant Plaintiffs' Cross-Motion for an Order, pursuant to FRCP 37(a), as made applicable herein by Bankruptcy Rule 7037, and E.D.N.Y. Local Bankruptcy Rule 7001-1 (i) to compel the depositions of Steven A. Haber and Yama Raj to proceed; (ii) to compel Defendants' to cure discovery deficiencies previously identified by Plaintiffs; (iii) to compel Defendants to comply with Plaintiffs' Second Request for Production of Documents and Interrogatories; (iv) to extend the discovery deadline to August 31, 2017; (v) to award Plaintiffs the costs of the Cross-Motion; and (vi) granting such other, further, and related relief as the Court deems just, proper, and equitable.

6389426.2

**ARGUMENT**

**POINT I**

**THE CROSS-MOTION TO COMPEL IS TIMELY**
**UNDER THE FACTS AND CIRCUMSTANCES PRESENTED**

FRCP 37 permits a discovering party to move for an order to compel a deposition or a complete response to a request for production of documents, and provides that an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond. *See* Fed. R. Civ. P. 37(a)(3) and (a)(4). The FRCP and the Local Bankruptcy Rules of this District do not specify a time limit for filing a motion to compel. Therefore, the Court is called upon to establish a reasonable time for a party to bring a motion to compel. *Enron Broadband Services, L.P., v. Travelers Casualty and Surety Company of America (In re Enron Corp.)*, 349 B.R. 115, 125 (Bankr. S.D.N.Y. 2006), *citing United States ex rel. Purcell v. MWI Corp.*, 232 F.R.D. 14, 17 (D.D.C.2005) (holding that the court has discretion to determine timeliness of a motion to compel).

FRCP 16(b) provides that courts shall, in appropriate cases, issue scheduling orders limiting the time for joining parties and amending pleadings, completing discovery, filing motions, and any other appropriate matters. *See* Fed. R. Civ. P. 16(b)(3). <u>In this case, the Court's Amended Pretrial Order sets forth June 14, 2017 as the deadline for completion of discovery, and July 31, 2017 for the filing of dispositive motions.</u> *See Amended Pretrial Order,* at 2, annexed to DiConza Decl. as Exh. 3. Motions to compel may be filed after the close of discovery. *Gault v. Nabisco Biscuit Co.,* 184 F.R.D. 620, 622 (D. Nev. 1999). Absent unusual circumstances, such a motion should be filed before the scheduled date for dispositive motions. *Id.; see also In re Enron Corp.,* 349 B.R. at 125 (noting, after canvassing the cases, that, in each case where the court found that the motion to compel had been untimely filed because the deadline for the close

9

of discovery had passed on the date the motion to compel was filed, *the common dispositive factor was that any order requiring further discovery would have disturbed either the consideration of a dispositive motion or the conduct of the trial*).  <u>Here, no dispositive motion has been filed and no trial date has been scheduled.</u>

Courts have considered a number of factors in determining whether a motion to compel filed after the discovery deadline should be permitted, including (1) the length of time since the expiration of the deadline, (2) the length of time that the moving party has known about the discovery, (3) whether the discovery deadline has been extended, (4) the explanation for the tardiness or delay, (5) whether dispositive motions have been scheduled or filed, (6) the age of the case, (7) any prejudice to the party from whom late discovery was sought, and (8) disruption of the court's schedule. *Days Inn Worldwide, Inc. v. Sonia Investments*, 237 F.R.D. 395, 398 (N.D. Tex. 2006).

### A. Plaintiffs Have Served Their Cross-Motion to Compel Within Four Weeks of the Discovery Deadline And Prior to the Deadline to File Dispositive Motions.

The original deposition schedule proposed on May 4, 2017, included, *inter alia*, the depositions of Yama Raj on Monday, June 5, 2017, at 10:00 A.M. (pursuant to the First Raj Subpoena issued by <u>Defendants</u> on April 25, 2017, and postponed by Defendants at the eleventh hour—i.e., by email dated Friday, June 2, 2017, at 5:17 P.M.), and Steven A. Haber on June 9, 2017, at 10:00 A.M. *See* McCord Decl., ¶¶ 16, 21, Exh. G.  As set forth in the Plaintiffs' June 23rd Letter, the original deposition schedule accommodated the priorities set by the DiConza Firm.  Notably, only one deposition occurred in the entire month of April and no depositions could be scheduled between April 26th and May 24th—almost one full month—due to the impending April 28th discovery deadline in the Trustee's Proceeding and a May 17, 2017 previously scheduled oral argument, in an unrelated case, in for which they allegedly needed to

10

6389426.2

prepare. *See* McCord Decl., ¶¶ 16-19, 23-25, Exh. L.  In addition, during the week of June 5th

through June 9th, the original deposition schedule was rearranged several times to accommodate

the shifting availabilities of Town witnesses and the DiConza Firm's desire to meet with those

witnesses about their testimony in advance of their depositions.[3]  *See* McCord Decl., ¶¶ 23-25,

Exh. L.  Clearly, the delay of the depositions of Messrs. Raj and Haber was caused by

Defendants and their counsel, and rescheduling the two remaining depositions slightly beyond

the discovery completion date would most certainly not be unjustly burdensome or prejudicial to

Defendants.  In fact, Plaintiffs permitted Defendants to delay the deposition schedule in the spirit

of cooperation mandated by the Federal Rules.   Notwithstanding the foregoing, Defendants now

seek to enforce the letter—but not the spirit—of the Amended Pretrial Order, which invokes the

precepts of cooperation embedded in FRCP 26.

Plaintiffs filed their Cross-Motion to Compel only 26 days after the discovery completion

deadline, and prior to the deadline for filing dispositive motions, which, by no stretch of the

imagination, is untimely. *See Gault,* 184 F.R.D. at 622; *Enron,* 349 B.R. at 125

### B. *Plaintiffs Did Not Know that the Previously-Scheduled Depositions of Raj and Haber Would Not Be Conducted Prior to the Discovery Deadline Until the Deadline Was Upon Them.*

As set forth in Point I.A, *supra,* in the McCord Declaration, Defendants unilaterally post-

poned the Raj deposition, *sine die,* at the eleventh hour, and did not thereafter reschedule the

deposition within the June 14, 2017 discovery completion date.  Therefore, in order to preserve

their right to depose Mr. Raj, Plaintiffs issued the Second Raj Subpoena on June 14, 2017, and

---

[3] Although Defendants' counsel made no mention of it to Plaintiffs during the week of June 5-9, 2017, it is now clear that the DiConza Firm was also preoccupied during that time period with preparing the motion for summary judgment that was filed in the Trustee's Proceeding on June 14, 2017, the last day for filing dispositive motions in that case.

served notice of the Raj deposition upon Defendants on the same day. *See* DiConza Decl., Exh. 4.

The Haber deposition, originally scheduled for June 9, 2017, could not be conducted on that date, solely because of the Defendants' substantial reshuffling of the depositions of Town witnesses during the week of June 5-9, 2017. *See* McCord Decl., ¶ 23, 25, Exhs. G and L. Specifically, Defendants agreed to the appearance of Town witnesses Thomas Glascock on Thursday, June 8th, Terence McNally on Friday, June 9th, Betty Walsh on Monday, June 12th, and Pat DelCol on Monday, June 12th. *See* McCord Decl., ¶ 25, Exhs. G.   In addition, Lawrence Jones, Vice President of BFCU, was deposed on June 13, 2017.   Consequently, the discovery completion deadline had crept up on Plaintiffs before they could depose Mr. Haber, solely due to several scheduling accommodations Plaintiffs had courteously granted Defendants' counsel. Consequently, in order to preserve their right to depose Mr. Haber, a non-party witness, Plaintiffs issued the Haber Subpoena on June 14, 2017, and served notice of the Haber deposition upon Defendants on the same day. *See* DiConza Decl., Exh. 5.   This factor supports Plaintiffs' contention that good cause exists to grant the Cross-Motion to Compel.

## C.    *The Discovery Deadline Has Previously Been Extended, First, Due to Defendants' Intervening Motion to Dismiss and, Second, Upon Stipulation of the Parties.*

The Court entered the Initial Pretrial Order on October 27, 2016 [Dkt. No. 28], which set a discovery deadline of February 17, 2017 and a deadline to file dispositive motions of April 14, 2017.   The Initial Pretrial Order was entered before a determination by the Court regarding Defendants' motion to dismiss this adversary proceeding.   By Order dated December 12, 2016, the Court denied the motion to dismiss (*see* McCord Decl., Exh. D), and on January 13, 2017, the Court entered a new Pretrial Order, which set a discovery deadline of April 28, 2017 and a

deadline to file dispositive motions of June 14, 2017.  On March 13, 2017, the parties participated in a conference pursuant to FRCP 26(f), at which time they agreed to enter into the Amended Pretrial Order, which was entered by the Court on April 4, 2017, and is in effect at this time.  A further extension of the deadlines to complete discovery and file dispositive motions is not unjustly burdensome or prejudicial, given the facts and circumstances set forth herein.  This factor supports Plaintiffs' contention that good cause exists to grant the Cross-Motion to Compel.

### D. *Defendants' Conduct Caused the Expiration of the Discovery Deadline Before All Scheduled Depositions Could be Conducted.*

As set forth in Point I.A, *supra*, the delay of the depositions of Messrs. Raj and Haber was caused solely by Defendants and their counsel, and rescheduling the two remaining depositions slightly beyond the discovery completion date would not be unjustly burdensome or prejudicial to Defendants.  Therefore, this factor supports Plaintiffs' contention that good cause exists to grant the Cross-Motion to Compel.

### E. *No Dispositive Motions Have Been Filed in This Adversary Proceeding.*

No dispositive motions have been filed in this adversary proceeding, although Defendants make clear their desire to cut off discovery now, before Plaintiffs can continue to uncover additional evidence to defeat a summary judgment motion. *See* Defts.' Memo of Law, at 12.  The Court should permit the previously-scheduled noticed depositions of non-party witnesses Raj and Haber to proceed at mutually-agreed dates and times, and should also compel Defendants to respond to Plaintiffs' Second Document Request and Interrogatories.  "If the Federal Rules of Civil Procedure are to be effective and meaningful, parties should not be permitted to conceal potential sources of responsive information in the hope that the opposing party does not discover

6389426.2

their deliberate omission until the discovery deadline has expired." *Star Direct Telecom, Inc. v. Glob. Crossing Bandwidth, Inc.*, 272 F.R.D. 350, 359 (W.D.N.Y. 2011).   Plaintiffs submit that this authority strongly supports the contention that good cause exists to grant the Cross-Motion to Compel.

### F.   *The Adversary Proceeding Has Been Pending in This Court Since March 11, 2016.*

This adversary proceeding has been pending in this Court since March 11, 2016, when Defendants removed it here from the State Court.   Plaintiffs have done nothing to delay the proceedings in this Court.   However, Defendants have filed a motion to dismiss, as well as a motion to withdraw the reference.   In addition, Defendants have dragged their feet in connection with their discovery obligations, as only one deposition occurred in the entire month of April 2017, no depositions occurred for almost one full month, between April 26, 2017 and May 23, 2017, at the Defendants' request, and Defendants were unwilling to comply with the deposition schedule specified on May 4, 2017.   Defendants have also failed to comply with discovery requests, failed to produce non-privileged documents, and failed to cure discovery deficiencies. See McCord Decl., ¶¶ 26, 29 and Exh. L.   Thus, it is appalling that Defendants accuse Plaintiffs of "gamesmanship" by seeking to conduct legitimate discovery.   Therefore, this factor supports the contention that good cause exists to grant the Cross-Motion to Compel.

### G.   *Defendants Will Suffer No Prejudice or Surprise by Granting of the Cross-Motion.*

As detailed in the McCord Declaration, Defendants' counsel caused the "backlog" in the deposition schedule because they were engaged in other matters (*e.g.*, completing discovery in the Trustee's Proceeding and preparing for oral argument in another, unrelated litigation), postponed the Raj deposition *sine die*, and needed preparation time with Town witnesses prior to their deposition.   See McCord Decl., ¶¶ 14-17, 20-21, 23, 25 and Exh. H.   The additional

14

depositions, of which Defendants have been aware since at least May 4, 2017, were scheduled to occur over a month prior to the deadline for filing dispositive motions.   Plaintiffs submit that, under the facts and circumstances, there is clearly no prejudice or undue surprise to Defendants. Thus, this factor supports granting the Cross-Motion.

### H.   *The Court's Schedule Will Not be Disrupted by Granting of the Cross-Motion.*

The Court has not scheduled a trial in this adversary proceeding and, therefore, the Court's docket would not be disrupted by granting of the Cross-Motion.   Therefore, this factor supports granting the Cross-Motion.

Based on the foregoing, it is respectfully submitted that good cause exists to compel the Raj and Haber depositions to proceed, to compel Defendants to cure deficiencies in the discovery responses, to compel Defendants to respond to Plaintiffs' outstanding discovery demands, and to extend the discovery deadline to accommodate the foregoing.

### POINT II

### THE COURT SHOULD ENTER AN ORDER COMPELLING THE RAJ AND HABER DEPOSITIONS TO PROCEED AND COMPELLING DEFENDANTS TO RESPOND TO PLAINTIFFS' SECOND DOCUMENT REQUEST AND INTERROGATORIES

Federal district courts have broad discretion in deciding motions to compel. *See Grand Cent. P'ship. Inc. v. Cuomo*, 166 F.3d 473, 488 (2d Cir. 1999); *Mason Tenders Dist. Council of Greater N.Y. v. Phase Constr. Servs., Inc.*, 318 F.R.D. 28, 36 (S.D.N.Y. 2016). *A party seeking to file a motion to compel after discovery has closed must establish good cause. See, e.g., Mason Tenders Dist. Council*, 318 F.R.D. at 36 (S.D.N.Y. 2016); *Gucci Am., Inc. v. Guess?, Inc.*, 790 F.Supp.2d 136, 139–40 (S.D.N.Y. 2011).   Generally, a *"finding of 'good cause'*

*depends on the diligence of the moving party."* *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339–40 (2d Cir. 2000) (noting that *"in certain cases the court may determine that the deadline cannot reasonably be met despite the diligence of the party seeking the extension"*) (emphasis supplied); *Port Auth. Police Benevolent Ass'n, Inc. v. Port Auth. of N.Y. & New Jersey*, 2016 WL 6083956, at *3 (S.D.N.Y. Oct. 17, 2016) ("Specifically, *the movant must show that the deadlines cannot be reasonably met despite its diligence.*") (emphasis supplied).  The party filing the motion to compel must also show relevance. *Mason Tenders Dist. Council*, 318 F.R.D. at 36.

If a party objects to discovery requests, that party bears the burden of showing why discovery should be denied. *See Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 314 F.R.D. 85, 87–88 (S.D.N.Y. 2016).  Specifically, the resisting party must show how, "despite the broad and liberal construction afforded the federal discovery rules, each request is not relevant, or how each request is overly broad, burdensome, or oppressive, by submitting affidavits or offering evidence revealing the nature of the burden." *Fin. Guar. Ins. Co.*, 314 F.R.D. at 88, *quoting Sokol v. Wyeth, Inc.*, 2008 WL 3166662, at *3 (S.D.N.Y. Aug. 4, 2008).

Here, Plaintiffs acted diligently in bringing the Cross-Motion once it became clear that Defendants intended to block any further discovery in this proceeding (including, but not limited, to, depositions of two persons who had been on the witness list since May 4, 2017), in order to assure that "there is no evidence that any Defendant acted wrongfully, deliberately, or in violation of Plaintiffs' constitutional rights," with the sole objective of filing a motion for summary judgment before July 31, 2017. See Defts.' Memo of Law, at 9.  As one New York district court has opined:  *"If the Federal Rules of Civil Procedure are to be effective and meaningful, parties should not be permitted to conceal potential sources of responsive*

6389426.2

*information in the hope that the opposing party does not discover their deliberate omission until the discovery deadline has expired."* *Star Direct Telecom, Inc. v. Glob. Crossing Bandwidth, Inc.*, 272 F.R.D. 350, 359 (W.D.N.Y. 2011) (emphasis supplied).  As described below, good cause exists to compel the depositions of Messrs. Raj and Haber to proceed, as their testimony is relevant to the claims asserted by Plaintiffs herein, and to compel Defendants to respond to Plaintiffs' Interrogatories and Second Document Request, <u>propounded prior to the discovery completion deadline</u>, which was necessitated by the production by Defendants of incomplete and/or redacted email(s) suggesting that Ralph Colamussi, the prior owner of the "Thatched Cottage" catering facility, was in contact with employees of the Town during the period of time between the Auction of the Thatched Cottage premises and the Town's placement of the placard on the premises.  *See* McCord Decl., ¶ 31. Furthermore, Defendants have not met their evidentiary burden, as they have made no showing that an extension of the discovery deadline to permit the depositions to proceed and Defendants to respond to the Second Document Request is unjustly burdensome or oppressive.

## A. *Steven A. Haber Is Likely to Have Information Relevant to Plaintiffs' Case.*

According to the June 12, 2017 deposition testimony of Betty Walsh, who referred to herself as a "special assistant" to the Town Supervisor, Steven Haber was a former employee in the Town's Planning Department, with whom she had had multiple conversations regarding the Thatched Cottage.  The Defendants included among the documents they produced for this proceeding, October 27, 2014 and November 17, 2014 emails between Ms. Walsh and Mr. Haber regarding the Thatched Cottage.  *See* Town Bates nos. ("TOH") 001493 and 001449-001450. *See* McCord Decl., Exh. N.

The 10/27/14 email (TOH 001449-001450), on its face, appears to involve communications between Ms. Walsh and Mr. Haber regarding (1) an October 27, 2014 email from Neal Hoffman (the architect for the proposed "new owners" of the Thatched Cottage—i.e., Yama Raj or an entity owned or controlled by him), which stated, among other things, that "[b]eing forced to keep the facility closed for an extended time, will be economically infeasible"; (2) Ms. Walsh's apparent dislike of Mr. Hoffman or his email, and (3) Mr. Haber's apparent agreement with Ms. Walsh's dislike of Mr. Hoffman or his email.  Additionally, the 11/17/14 email (TOH 001493), on its face, (1) reflects Mr. Haber's apparent belief that Defendant Joseph Cline (the Town's Director of Engineering Services, who was involved in the determination to "placard" the Thatched Cottage) knew, some time prior to November 13, 2014, of the engineering report that allegedly served as the basis for the determination to placard the Thatched Cottage, but did not act on that information until November 20, 2014; and (2) communicates to Mr. Haber, Ms. Walsh's "interest" in what the effect of the placarding was going to be on "this group" (presumably the prospective buyers of the Thatched Cottage) – i.e., whether they were going to "stick with it" or "walk away."  Therefore, Plaintiffs need Mr. Haber's testimony in order to determine whether the Town and/or its employees engaged in wrongdoing in connection with placing the placard on the Thatched Cottage premises.

Defendants argue that requiring Steven Haber to testify is duplicative of testimony given by other Town witnesses and disproportionate to the needs of the case.  *See* Defts' Memo of Law, at 10.   Defendants point out that Plaintiffs have already deposed eight Town employees and have "access to all of the employees' testimony" in the Trustee's Action.   However, Mr. Haber is a non-party witness (as he is retired from the Town's employ) and, even if he were still an employee of the Town, the Federal Rules permit a party to conduct ***ten*** depositions of the

18

opposing party. *See* Fed. R. Civ. P. 30. Moreover, it is irrelevant that Plaintiffs have "access" to transcripts of depositions that someone else has conducted—it is essential that a party be able to conduct its own depositions in connection with its own lawsuit.

### B. *Yama Raj Is Likely to Have Information Relevant to Plaintiffs' Case.*

Yama Raj was the High Bidder at the Auction for the Thatched Cottage, which was held in September, 2014, and either he or an entity he owned or controlled entered into a contract to purchase the Thatched Cottage. Closing on such contract was scheduled in December, 2014, but Mr. Raj determined not to close title. As a result of Mr. Raj's determination not to close title on the Thatched Cottage, BFCU, as the second highest bidder at the Auction, was compelled, through its subsidiary, BSG, to close title on the Thatched Cottage premises, and suffered significant losses and damages. Mr. Raj should be deposed to ascertain why he determined not to close on the purchase of the Thatched Cottage, and, more specifically, whether the Defendants' placement of a placard on the Thatched Cottage on November 20, 2014, which indefinitely prevented the Thatched Cottage from being rehabilitated and reopened for business, influenced his decision not to proceed with the purchase of the Thatched Cottage.

It should be noted that Defendants' counsel, on April 25, 2017 (i.e., the day the first deposition was taken in this proceeding), subpoenaed Mr. Raj for deposition, at the Manhattan offices of Defendants' counsel, on Monday, June 5, 2017, at 10:00 a.m., and confirmed to Plaintiffs' counsel, as late as the afternoon of Friday, June 2, 2017, that Mr. Raj would be appearing for his scheduled deposition. However, by an email sent to John M. Wagner, Esq., on Friday evening, June 2, 2017, at 5:17 P.M., Defendants' counsel advised: "We're going to postpone the Raj deposition. He doesn't have any documents ready, so we're going to postpone.

Sorry for the late notice, but it's what makes sense." Despite indicating, twice in their 6/2/17 email, that they were merely "postponing" Mr. Raj's deposition, Defendants' counsel did not thereafter reschedule his deposition prior to June 14th (the discovery completion date set by the Court). Accordingly, because Mr. Raj's deposition is believed to be relevant to Plaintiffs' case, and to preserve their ability to depose Mr. Raj, served their own subpoena on Mr. Raj.

Defendants argue that deposing Mr. Raj is disproportionate to the needs of the case because (i) the Court has already addressed Mr. Raj's reasons for failing to fulfill his obligation to purchase the property in its decision not to rescind the agreement of sale between the Trustee and Mr. Raj; and (ii) Mr. Raj's testimony is irrelevant to Plaintiffs' claims because "his testimony can only relate to events before he refused to purchase Thatched Cottage in early December 2014," and "Plaintiffs only have standing to assert claims for wrongdoing after they acquired Thatched Cottage in January 2015." *See* Defts.' Memo of Law, at 11.   Those arguments are disingenuous and entirely ignore the timing of critical events in this matter.  What happened prior to the placarding of the Thatched Cottage premises and thereafter is equally important to Plaintiffs' claims and damages.  Mr. Raj's interactions with the Town prior to his default under the Sale Order, and prior to BSG's closing on the Thatched Cottage property, caused his default, and redounded to BFCU's detriment, as BFCU was the intended beneficiary of the sale transaction.   Furthermore, this Court did <u>not</u> find that Plaintiffs only have standing to assert claims for wrongdoing after they acquired the Thatched Cottage in January 2015—the Court found that Plaintiffs' ***damages*** <u>began to accrue on January 2, 2015</u> (but its claims arose earlier.

20

6389426.2

### C. Defendants Should Be Compelled to Respond to Plaintiffs' Interrogatories and Second Document Request and Based on Elusive or Incomplete Disclosure.

As set forth in the McCord Declaration, Ralph Colamussi, the former owner of the Thatched Cottage, testified at his deposition, that he had met with Town officials during the time period between Superstorm Sandy in 2012, and the date of the Auction of the Thatched Cottage premises in 2014. However, Defendants have not produced any phone records or visitor logs for the relevant time period, which, Plaintiffs understand, are maintained by the Public Safety Office or Department of the Town. Additionally, in redacted email correspondence between Town employees Betty Walsh and Patricia Del Col, they appear to be discussing a telephone conversation between Ralph Colamussi and someone in the Town Supervisor's Office on or about November 18, 2014 in which the subject of the Thatched Cottage was addressed. *See* TOH001503. *See* McCord Decl., Exh. N. Again, no phone records or other documents evidencing incoming or outgoing phone calls have been produced by Defendants. *See* McCord Decl., ¶ 31.

On June 14, 2017, Plaintiffs served their Second Document Request, in which Plaintiffs request production of log books signed by visitors to the Town's offices and documents evidencing telephone calls made and received by the Town Supervisor and/or his staff. *See* McCord Decl., Exh. O. Plaintiffs are entitled to a response to the Second Document Request, as the documents sought therein bear directly upon prior testimony given by a witness in this adversary proceeding and are needed to clarify documents already produced by Defendants.

Based on the foregoing, Plaintiffs submit that good cause exists to grant the Cross-Motion to compel the Raj and Haber depositions to proceed, to compel Defendants to cure deficiencies in the discovery responses, to compel Defendants to respond to outstanding discovery demands, and to extend the discovery deadline to accommodate the foregoing.

6389426.2

## POINT III

## THE COURT SHOULD COMPEL DEFENDANTS TO RESPOND
## TO PREVIOUSLY IDENTIFIED DISCOVERY DEFICIENCIES

FRCP 37(a), as made applicable herein by Bankruptcy Rule 7037, authorizes a motion

for enforcing discovery obligations.  FRCP 37(a).  FRCP 37(a)(3)(B) provides that such a motion

can be used to compel discovery when, for example, a deponent fails to answer a question, or

when a party fails to comply with a request for documents under FRCP 34.  On a motion to

compel, the party requesting discovery has the burden to explain how discovery responses are

inadequate.  FRCP 37(a)(3)(B)(iii, iv), (a)(4).  Here, Plaintiffs have written numerous letters to

Defendants explaining how their discovery responses are inadequate.  *See* McCord Decl., ¶ 26

and Exh. L.  For example, Plaintiffs have written to Defendants regarding the following

discovery deficiencies:

> (a) Defendants failed to identify how/when they complied with the general "Records Retention and Disposition Schedule MU-1, Section 185.11, 8 NYCRR (App H) for use by Cities, Towns, Villages, Fire Districts.

> (b) Plaintiffs requested Town employees to produce information concerning telephone messages, incoming or outgoing, at the Town offices, text messages or other evidence of communication via cell phones.  Plaintiffs understand that the Town issued cell phones to several of its employees, as confirmed by the deposition testimony of several Town employees.  However, Plaintiffs' repeated demands for same have been ignored.  Instead, Defendants merely advised that unidentified Town employees indicated that they "have searched their hard drives, telephone equipment, cell phones, websites, cloud storage providers and third party servers for responsive documents and information.  They are not aware of any other places where responsive electronic information might be stored."  See letter from Defendants' counsel to Plaintiffs' counsel dated May 11, 2017 (the "Defendants' May 11th Letter"), a copy of which is annexed to the McCord Declaration as **Exhibit M**.  Defendants have produced nothing corresponding to any of such categories, nor evidence of attempts to retrieve same as demanded by Plaintiffs.  Defendants have not even identified the carriers/providers of the acknowledged Town-issued cell phones, which may well be of material relevance.

22

(c) Defendants' document production, contained on the flash drives produced by Defendants, do not comply with the requirements of FRCP 34(b)(2)(E)(i), as made applicable herein by Bankruptcy Rule 7034. The documents produced by Defendants were neither organized and labeled nor identified to correspond to the specific demands in Plaintiffs' Document Request, which makes it virtually impossible for Plaintiffs to ascertain which documents are responsive to which of Plaintiffs' demands. Defendants' contention that such production in blunderbuss fashion comports with the Federal Rules is baseless. Moreover, as the documents produced were admittedly derived from different personal computers, the manner of production does not reflect how they are "kept in the usual course of business."

(d) Many of the emails and other documents produced by Defendants refer to attachments which are not annexed to the emails/documents produced. *See, e.g.*, 00879, 00898, 00930, 00933, 00950 and TOH001493. This discrepancy also begs the question of whether said emails/documents were produced as they are kept in the ordinary course of business of Defendants and/or in native format.

(e) Defendants produced a number of blank pages and/or blank portions without any redaction noted therein. *See, e.g,* TOH 001458; 002416; 002418; 00442; 00867; 00871; 00880; 00885; 00886; 00917; 00919; 00929; and 001423. Notably, Plaintiffs have received few emails in their entirety and/or with attachments between or among Town personnel. This is quite astounding considering the number of "participants" in the Town's actions. Similarly, information was marked "redacted" when clearly not privileged. *See, e.g., TOH* 001503, an email from Betty Walsh dated November 18, 2014, at 1:54 P.M., to Patricia Del Col, regarding Ralph Colamussi. All information was redacted following the statement "I am almost afraid to ask, what does Ralph want?"

The Federal Rules require that, before filing a motion to compel further disclosures or discovery pursuant to Rule 37(a), the aggrieved party must attempt to confer with the unresponsive party in an effort to obtain the desired material without court action. Fed. R. Civ. P. 37(a). Here, Plaintiffs attempted to confer with Defendants to resolve the outstanding discovery issues, but no such resolution has been reached as of this date. *See, e.g., Plaintiffs' Letter to Defendants dated May 8, 2017*, annexed hereto as Exh. L.[4]  Moreover, Plaintiffs' June 13th Letter contains a reservation of all rights and remedies available to Plaintiffs, including, but not limited to, seeking

---

[4] The letter states in pertinent part as follows: "In order to attempt, in good faith, to resolve the foregoing outstanding discovery issues, and in accordance with F.R.C.P. 26, as made applicable to this proceeding by F.R.B.P. 7026, we propose a conference call to discuss the foregoing on May 12, 2017, at 10:00 A.M., at the following call in number: (516) 296-7833, access code: 0119388." *See Exh. L* – Pltiffs' letter dated May 8, 2017, at 3.

6389426.2

appropriate judicial relief, including, but not limited to those available under FRCP 37, as made applicable herein by Bankruptcy Rule 7037.

In addition, Plaintiffs believe that Defendants have failed to produce non-privileged documents.  As stated in the McCord Declaration:

> (a) certain emails, which were clearly non-privileged, were not produced and were either not described properly in Defendants' privilege log (served after the June 14[th] deadline), or, it is suspected, not logged at all.  For instance, there is an established procedure in the Town whereby news articles that mention the Town are regularly circulated via email amongst Town employees.  Various news articles concerning the Thatched Cottage were produced without any cover email(s).  As testified by Stacy Colamussi, Lori Grube, who works in the Supervisor's Office of the Town, sends out the email reports of newspaper articles to Town employees and officials. No such emails from Ms. Grube were produced in response to Plaintiffs' Document Request. *See* McCord Decl., ¶ 29.

> (b) Defendants also failed to produce all notes or memos drafted by Defendant(s), including, but not limited to, Joseph Cline, who admittedly took notes at meetings, etc. *See e.g.* TOH 001620, wherein Mr. Cline states, "I'll take good notes..." No such notes were produced in response to Plaintiffs' Document Request. *See* McCord Decl., ¶ 29.

Consequently, Plaintiffs respectfully request that the Court compel Defendants to cure the foregoing deficiencies, as well.

Defendants will no doubt reiterate their pretextual smokescreen purporting to categorize Plaintiffs' alleged discovery deficiencies, as set forth in Defendants' letter dated May 11, 2017. *See* McCord Decl., Exh. M.   This should not be countenanced by the Court.

## A.    *The Court Should Award Plaintiffs the Reasonable Attorneys' Fees Incurred in Connection With This Motion.*

A district court has broad authority to impose sanctions for violations of discovery obligations, such as the spoliation of evidence or failure to comply in a timely manner with an appropriate discovery request. *R.F.M.A.S., Inc. v. So*, 271 F.R.D. 13, 22 (S.D.N.Y.), opinion

24

adopted, 271 F.R.D. 55 (S.D.N.Y. 2010).   With regard to Plaintiffs' request that the court award attorneys' fees incurred in connection with the Cross-Motion to compel, FRCP 37 provides, in pertinent part, that, if a motion to compel is granted, or if the discovery was provided after the motion to compel was filed, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *See* Fed. R. Civ. P. 37(a) (5)(A); *Hinterberger v. Catholic Health Sys., Inc.*, 284 F.R.D. 94, 105 (W.D.N.Y. 2012).

Based on the foregoing, the Court should enter an Order compelling Defendants to pay Plaintiffs; attorneys' fees for their Cross-Motion.

6389426.2

## CONCLUSION

Based on the facts and circumstances and the authorities discussed above, Plaintiffs respectfully request this Court to grant the Cross-Motion to compel the Raj and Haber depositions to proceed, to compel Defendants to cure deficiencies in the discovery responses, to compel Defendants to respond to outstanding discovery demands, to extend the discovery deadline to accommodate the foregoing, and to award Plaintiffs' their reasonable attorneys' fees as such Cross-Motion is reasonable and has been necessitated by Defendants' own improper or dilatory conduct, and such other, further and related relief as this Court may deem just, proper and equitable.

Dated:  East Meadow, New York
        July 10, 2017

Respectfully submitted,

***CERTILMAN BALIN ADLER & HYMAN, LLP***

Attorneys for Bethpage Federal Credit Union and
Business Services Group, LLC

By:     /s/ Richard J. McCord
        Richard J. McCord
        John M. Wagner
        Donna-Marie Korth
        Carol A. Glick
        90 Merrick Avenue, 9th Floor
        East Meadow, New York 11554
        (516) 296-7000

26

6389426.2